United States District Court
Southern District of Texas

**ENTERED**

July 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANELL RENEE EASTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06338 |
| | § | |
| TANISHA HALL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Federal prisoner Chanell Renee Easton (BOP #03091-510) filed this civil action while in custody of the Bureau of Prisons ("BOP") at the Federal Prison Camp in Bryan, Texas. Through counsel, she filed this complaint for declaratory and injunctive relief, alleging that the BOP has delayed placing her in a residential program upon successful completion of a Resident Drug and Alcohol Program ("RDAP") in violation of 18 U.S.C. §§ 3621, 3624(g), and 3632(d)(4). Doc. No. 1. Pending are Defendants' motion to dismiss (Doc. No. 12) and Easton's response in opposition with a motion for leave to amend (Doc. No. 13). The Court has carefully reviewed the pleadings, attachments thereto, motions, responses, and applicable law as follows.

1 / 6

## I.    BACKGROUND

Easton was convicted in the United States District Court for the Eastern District of California and sentenced to 37 months' imprisonment for each of two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and 24 months' imprisonment on each of 22 counts of wire fraud in violation of 18 U.S.C. § 1343, with the counts of wire fraud to be served consecutively to the counts of identity theft, for a total term of imprisonment of 61 months, special assessment of $2400, restitution of $361,099.54, and 36 months' of supervised release. *See* Doc. No. 12-1 at 2-9 (Amended Judgment); *United States v. Easton*, Crim. No. 2:22-cr-00103-1 (E.D. Cal. Feb. 28, 2025). Easton claims that while she was at the Bryan Federal Prison Camp, she completed the requirements and was eligible for pre-release custody under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("FSA"). Doc. No. 1 at 1-2. She alleges that she was confined in institutional custody beyond the date she became eligible for pre-release custody and that the BOP failed to apply statutory and its own directives in her case. *Id.* She invokes 18 U.S.C. §§ 3621, 3624, and 3632 to argue that BOP "shall" transfer her to pre-release custody upon the completion of her RDAP, which she completed in November 2025. *Id.* at 2-3. In her pleadings, Easton specifically disclaims a *Bivens*[1] or habeas corpus cause of action and seeks declaratory and injunctive relief under 28 U.S.C.§ 1331 to order the BOP to assign her to pre-release custody. Doc. No. 1 at 3-4 & n.3.

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

2 / 6

The Defendants do not address the merits of this case and instead contend that Easton's "freestanding" claims for injunctive relief fail because there is no independent cause of action to support her claims for declaratory and injunctive relief.  Doc. No. 12. Easton requests leave to amend her complaint to add a claim under *Bivens* if her pleadings are deficient.  Doc. No. 13 at 9.

## II.    LEGAL STANDARDS

### A.    Prison Litigation Reform Act

Because Easton is a prisoner, the Prison Litigation Reform Act ("PLRA") applies to this lawsuit.  The PLRA requires, among other things, that a district court scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

### B.    Rule 12(b)(1)

Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted).  As such, the existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion. *See Nguyen v. Dist. Dir., Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 260 (5th Cir. 2005) (citations omitted).

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a Rule 12(b)(1) motion is filed along with other Rule 12 motions, the court should first consider the Rule 12(b)(1) motion. *Id.*

### C.    Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007) (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible on its face." *Id.* at 1974. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Twombly,* 127 S. Ct. at 1965).

### III.    DISCUSSION

Easton challenges the BOP's failure to transfer her to pre-release custody promptly when she first became eligible. The Fifth Circuit has explained that a challenge to the BOP's failure to transfer a prisoner to pre-release custody does not affect the duration of

confinement and, therefore, not cognizable in a habeas corpus action under 28 U.S.C. § 2241 but is a civil rights case under *Bivens*. *See Maxwell v. Thomas*, 133 F.4th 453-54 (5th Cir. 2025) (explaining the Fifth Circuit's "bright-line rule" that where, as here, a prisoner's "requested relief is transfer to a halfway house or home confinement," such relief is properly sought in "a civil rights suit under *Bivens*") (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)).

Easton is represented by counsel, and her pleadings expressly disclaim any *Bivens* cause of action. Doc. No. 1 at 3-4 & n.3. Therefore, her original complaint fails to state a claim for which relief may be granted. However, Easton requests leave to amend her complaint to add a *Bivens* claim. Doc. No. 13 at 9. Leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). Accordingly, the Court will conditionally grant the Defendants' motion, and this case will be dismissed after 30 days unless Easton files an amended complaint that cures the deficiencies in her pleadings.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The Defendants' motion to dismiss (Doc. No. 12) is conditionally **GRANTED**, insofar as this case will be dismissed thirty (30) days after the entry of this Order, unless the Plaintiff files an amended complaint curing the deficiencies by that date.

2. Plaintiff's motion to amend (Doc. No. 13 at 9) is **GRANTED**, and she shall have thirty (30) days from the entry of this Order to amend her complaint.

3.  Plaintiff's pending motions regarding a preliminary injunction (Doc. Nos. 2 &

    9) and Defendants' pending motion for a scheduling order (Doc. No. 10) are

    **DENIED.**

The Clerk will send a copy of this Order to all parties of record.

SIGNED on this _____ 23ʳᵈ _____ day of July 2026.

                                ANDREW S. HANEN
                                UNITED STATES DISTRICT JUDGE